IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| SANTOS D. TORRES-OLAN, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00067-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| SGT. WILLIAM O'BRIEN, MICHAEL | ) |
| WATSON, RICHARD BEDNARO, | ) |
| MICHAEL FOX, TAMAS BONYAI, | ) MEMORANDUM ORDER ON PLAINTIFF'S |
| BRENTON BOYD, DANIEL HARMON, | ) MOTION TO COMPEL |
| | ) |
| | ) INRE: ECF NO. 24 |
| | ) |
| Defendants | ) |

Before the Court is Plaintiff Santos D. Torres-Olan's ("Torres-Olan") motion to compel the Defendants to produce additional documents and surveillance video beyond those that the Defendants previously produced in response to his requests. *See* ECF No. 24. The Defendants, employees of the Pennsylvania Department of Corrections, have filed a response in opposition to the motion in which they attest that they have produced all existing and relevant surveillance videos and properly responded or objected to all other requests for production. *See* ECF No. 28. Upon review of the motion and the response, the motion is DENIED.

Torres-Olan's motion asks the Court to order the Defendants to produce the following items:

1. video surveillance recordings from February 12, 2022, to February 18, 2022, for H-Unit, D-Pod, Cell-12, and D-Pod;

1

    2.    video surveillance recordings from the RHU hallway between the intake room and medical room on February 12, 2022;

    3.    video surveillance recordings from the J-Unit sally-port for February 12, 2022; and

    4.    copies of the disciplinary records for the Defendants.

*See* ECF No. 24, generally. Torres-Olan previously requested the foregoing materials and other materials during the course of discovery. In response, the Defendants informed Torres-Olan:

> Defendants are producing the attached four videos from EOR 2020 – ALB – 00057 on 2/12/2020, marked for production as EOR 00057 Video One, Two, Three, and Four. After a reasonable investigation, Corrections Defendants do not believe that any other video or audio footage depicting the events giving rise to the Complaint exist. By way of further response, Corrections Defendants are producing the foregoing four videos via DVD, and will ensure that Plaintiff has the opportunity to view the videos at the Facility.[1]

ECF No. 28-2, p. 1.

The Defendants have filed a verification form executed by Torres-Olan acknowledging that he viewed the video recordings produced by the Defendants on August 12, 2022. *See* ECF No. 28-1, p. 2. The Defendants previously informed Torres-Olan that no video or audio recordings exist for the dates and times specified beyond what they produced and he reviewed. *See, e.g.*, ECF No. 28-2, ¶¶ 1, 2, 5, 6, 7. As to Torres-Olan's request for the disciplinary records of the Defendants ("including but not limited to grievances, request slips, PREA complaints,

---

[1] According to the Defendants, these videos contained footage of the "interior of J/A unit showing altercation between Plaintiff and corrections officers, and including visual of sally port door to exterior of unit; handheld camera footage of escort between J/A unit and RHU; exterior security camera footage of escort to RHU;" and footage from the "strip search [conducted] upon arrival at RHU." ECF No. 28, ¶ 3.

etc."), the Defendants objected to providing this information based on confidentiality and security concerns, relevance, and overbreadth. *See id.*, ¶ 10.

As to the request for the video footage, the motion is denied. The Court "cannot compel production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation." *Hill v. Lappin*, 2020 WL 708927, at *2 (M.D. Pa. Feb. 12, 2020) (citation omitted).

Torres-Olan's motion to compel the production of the "disciplinary record of all of the Defendants" is also denied. The Defendants objected to Torres-Olan's initial request for this information because it sought information that was privileged and confidential and could compromise institutional safety if produced. *See* ECF No. 28-2, ¶ 10. They also contend that request was overbroad and irrelevant because it is calculated to show possible prior bad acts, evidence of which would be inadmissible at trial. The Court agrees.

Courts have noted that discovery requests which seek production of prison staff's disciplinary records implicate institutional security concerns as well as concerns for the safety of individual prison employees. *See, e.g., Martinez v. Jones*, 2015 WL 3454505, at *4 (M.D. Pa. May 29, 2015) (declining to compel production of prison employee disciplinary records on grounds that such disclosure may gravely impair institutional security); *Marin v. Folino*, 2012 WL 4378184 (W.D. Pa. Sept. 24, 2012). As to grievances filed against the Defendants specifically, such a discovery request raises obvious privacy and security issues in that it seeks information relating to third parties: other prisoners. *See, e.g., Allen v. Eckard*, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019); *Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (denying motion to compel grievance information that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another). Finally,

irrespective of prison security concerns and the privacy rights of other inmates, the request for "all disciplinary records" and "all grievances" is overbroad.  *Id.*; *see also Lofton v. Wetzel*, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) ("It is apparent that [the plaintiff's] request for 'any and all records' … and 'any grievances' … are grossly overstated fishing expeditions.").  And the request for these records appears calculated to discover possible character evidence or evidence of prior bad acts, which evidence generally will not be admissible at trial.  *See* Fed. R. Evid. 404(a).

    Accordingly, Torres-Olan's motion to compel discovery [ECF No. 24] is **DENIED**.

    DATED this 13th day of September, 2022.

BY THE COURT:

/s/ Richard A. Lanzillo

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE